Jian Zhong CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General and Immigration and Naturalization Service, Respondent.

No. 05–0211–AG.

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

Jian Zhong Chen, Corona, New York, for Petitioner, pro se.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Susan A. Nellor, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jian Zhong Chen, *pro se*, has filed a timely petition for review of a December 14, 2004 decision by the BIA affirming the August 2003 decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). Chen did not challenge the denial of his CAT claim before the BIA and, therefore, failed to satisfy, with respect to that claim, the statutory exhaustion requirement on which this Court's jurisdiction is predicated. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86

(2d Cir.2005). We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented in the petition for review, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the IJ's opinion, we review the IJ's decision directly as the final agency decision. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In rejecting Chen's testimony as incredible, the IJ relied on the following implausible, inconsistent, and incredible aspects of Chen's claim for relief from removal, each of which is supported by substantial evidence.

First, the IJ questioned Chen's testimony that although he did not register his marriage until 2002, prior to that time, family planning authorities had permitted the couple to have two children without any problem. The IJ explained that one of the purposes underlying China's family planning policy was to discourage unmarried people from having children. Thus, it was eminently reasonable for the IJ to reject as implausible Chen's testimony that he and his wife had been permitted to have two children before the couple was legally married.

Second, the IJ questioned the plausibility of Chen's claim that his wife had been able to obtain a new household registration booklet from the Public Security Bureau in April 2002, listing Chen as the head of the household, notwithstanding the fact that members of the Public Security Bureau were supposedly looking for Chen because of his counter-revolutionary speech. The IJ considered and rejected as "less than plausible" Chen's explanation that his wife was simply renewing an old household registration booklet, and noted that Chen had originally failed to disclose that any prior household registration existed, and inconsistently testified why the original household registration was not produced at his hearing. *See Xusheng Shi v. BIA*, 374 F.3d 64, 66 (2d Cir.2004) (per curiam) (finding that when applicant's admission at hearing that earlier statements were incorrect, and the explanations given for the inconsistencies were themselves implausible, such reflects adversely on credibility).

Third, the IJ found it to be "less than plausible" that Chen had been able to register the birth of the couple's third child in April 2002, even though they had failed to satisfy the 25,000 RMB fine that had been imposed in July 2001. Given the fact that the family planning authorities actively sought the repayment of the couple's debt, the IJ did not err in his conclusion that it did not seem plausible that those same officials would have registered the overbirth.

Fourth, the IJ found that Chen's testimony was not credible with respect to when the couple had registered the birth of their oldest child. The IJ noted that Chen first testified that the birth had been registered in September 2000, and later stated that the child was actually registered in June 2001. However, both of those dates are inconsistent with the household registration booklet that Chen had submitted into evidence, which stated that Chen's oldest child had been registered in April 2002.

Fifth, the IJ questioned the evidence that had been submitted by Chen in support of his claim that his wife was forcibly sterilized. Based on his review of the evidence that had been submitted by both Chen and the Government, the IJ concluded that it remained unclear whether adequate procedures had been employed by the doctor in China who had allegedly taken the X-ray of Chen's wife. Moreover, Chen, who was then represented by counsel, was provided with an ample opportunity to rebut the Government's proffer, but failed to do so.

Based on the foregoing, it cannot be said that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Accordingly, the IJ properly concluded that Chen had failed to demonstrate his eligibility for asylum. Because Chen failed to establish his eligibility for asylum, the IJ properly concluded that he could not satisfy the heavier burden for withholding of removal. *See Zhou Yun Zhang,* 386 F.3d at 71.

Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).