Xusheng SHI, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 02–4488.

United States Court of Appeals, Second Circuit.

Submitted: June 21, 2004.

Decided: July 1, 2004.

Tao Lin, Caesar & Napoli, New York, NY, for Petitioner.

Michael R. Holden, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, of counsel; David N. Kelley, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent.

Before: LEVAL, CABRANES, and WALLACE, Circuit Judges.*

PER CURIAM.

Petitioner Xusheng Shi, a native and citizen of the People's Republic of China, petitions this Court for review of an August 22, 2002 order of the Board of Immigration Appeals ("BIA") summarily affirming an October 23, 1998 decision by an immigration judge ("IJ") that denied Shi's application for asylum and withholding of deportation.

An applicant for asylum must establish that he is a "refugee," a term that includes one who, among other requirements, has suffered past persecution, or has a well-founded fear of future persecution, on account of political opinion or other protected grounds. *See* 8 U.S.C. § 1101(a)(42). A person "who has been forced to abort a pregnancy or to undergo involuntary sterilization" will be deemed to have been persecuted on account of political opinion. *See id.* The BIA has ruled that a male applicant may seek asylum based on his wife's forced abortion or sterilization. *See In re C–Y–Z–,* 21 I. & N. Dec. 915, 918, 1997 WL 353222 (BIA 1997); *see also Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir. 2003).

■ An applicant for withholding of deportation must establish that it is more likely than not that, were he deported, his life or freedom would be threatened on account of political opinion or other protected grounds. *See* 8 U.S.C. § 1231(b)(3)(A). An applicant who fails to establish eligibility for asylum has also failed to establish eligibility for withholding of deportation. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999).

In this case, the IJ found that Shi's testimony regarding his wife's allegedly forced sterilization was not credible, and concluded that Shi had not demonstrated that he had been persecuted or had a well-founded fear of persecution.

■ We defer to the IJ's factual findings as long as they are supported by "substantial evidence." *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003). Where a petitioner challenges the sufficiency of factual findings underlying an IJ's determination that the petitioner has failed to establish his eligibility for asylum, "we will reverse the immigration court's ruling only if 'no reasonable fact-finder could have failed to find ... past persecution or fear of future persecution.'" *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Furthermore, "we give 'particular deference to the credibility determinations of the IJ.'" *Id.* (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)).

■ Upon review of the record, we hold that substantial evidence supports the IJ's

---

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

determination that Shi was not credible. Shi's assertion that his wife had had an abortion in 1992—an assertion made in his 1993 asylum application and his 1996 asylum interview—was plainly inconsistent with his claim in 1998, in an amended statement submitted to the IJ and at the hearing before the IJ, that his wife had been forcibly sterilized in 1988. At the hearing, Shi admitted that the earlier statements were incorrect, and the explanations he gave for the inconsistencies were themselves implausible, inconsistent, or reflected adversely on his credibility. Additionally, other testimony Shi gave at the hearing was generalized or nonresponsive, and, in the IJ's view, appeared to be memorized. In light of Shi's lack of credibility, we hold that substantial evidence supported the IJ's conclusion that Shi failed to establish either past persecution or a reasonable fear of future persecution and thereby failed to establish his eligibility for asylum or withholding of deportation.

Finally, we hold that the procedure by which the a single member of the BIA summarily affirmed the IJ's decision did not constitute an abuse of discretion. Streamlining regulations issued by the Immigration and Naturalization Service (now U.S. Citizenship and Immigration Services) expressly authorize summary affirmance by a single member of the BIA. 8 C.F.R. § 3.1(a)(7) (2002) (re-codified at 8 C.F.R. § 1003.1(a)(7) (2004)). Even before the promulgation of the current regulations, this Court upheld the BIA's practice of summary affirmance provided that the "the immigration judge's decision below contains sufficient reasoning and evidence to enable [the Court] to determine that the requisite factors were considered." *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). The IJ's decision in this case meets this standard, and Shi does not argue that the formal promulgation of regulations authorizing summary affirmance affects the applicability of *Arango–Aradondo*. *See Dominguez v. Ashcroft*, 336 F.3d 678, 680 (8th Cir.2003) (holding that BIA did not abuse its discretion by summarily affirming under the procedures established by 8 C.F.R. § 1003.1(a)(7)).

\* \* \* \* \* \*

We have considered all of petitioner's arguments and found each of them to be without merit. Accordingly, the petition is DENIED and the order of the Board of Immigration Appeals is AFFIRMED.