**Xu Min LIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondents.**

No. 02–4437.

United States Court of Appeals, Second Circuit.

Jan. 24, 2005.

354

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Maria M. Mylnar, Office of Immigration Litigation, Civil Division, United States Department of Justice (Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), Washington, D.C., for Respondent.

Present: WINTER, SOTOMAYOR, and B.D. PARKER, Circuit Judges.

Petitioner Xu Min Liang ("Liang") petitions for review of an August 2, 2002 order of the BIA, dismissing her appeal of an Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Liang, a citizen of the People's Republic of China ("China"), entered the United States on January 10, 2000 without a valid entry document. On January 21, 2000, the government initiated removal proceedings against her. On March 16, 2000, she filed an application for asylum, withholding of removal, and protection under the CAT. She claimed that she was persecuted in China on account of her religious beliefs. She also alleged that were she to return to China, she would face persecution on account of her religious beliefs, alleged violation of China's family planning policy, and illegal exit from China, as well as torture by forced sterilization.

In an oral decision rendered on July 30, 2001, the IJ denied Liang's claims for asylum on several grounds. First, the IJ found that Liang was not credible. The IJ further found that even supposing Liang's testimony was true, she had not experienced past persecution on account of her religious beliefs. The IJ also held that Liang failed to establish a well-founded fear of persecution upon returning to China on account of her religion and decision to have two children in alleged violation of China's family planning policies. The IJ also held that Liang's assertion that if returned to China, she would be punished for her illegal exit, was not a ground that entitled her to asylum or withholding of removal. Even assuming that she satisfied the statutory criteria for asylum, the IJ found that Liang did not merit such relief as a matter of discretion. The IJ found that Liang's failure to establish her eligibility for asylum meant that she also necessarily failed to satisfy the more stringent burden of proof for withholding of removal. The IJ also held that Liang's inability to show that she would more likely than not face torture if she returned to China barred her from relief under CAT. The BIA summarily affirmed the IJ's decision.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. See Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). In reviewing an IJ's denial of an asylum application, we defer to the IJ's factual findings if they are supported by "substantial evidence." Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003) (quotation marks and citation omitted). "Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." Id. (quoting Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000)). We reverse an IJ's determination that an applicant for asylum or withholding of removal has failed to satisfy

the requisite burden of proof "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo*, 232 F.3d at 287.

■ We review credibility findings under the substantial evidence standard. *See Secaida–Rosales*, 331 F.3d at 307. Here, substantial evidence supports the IJ's finding that Liang's testimony was not credible. The IJ found that Liang's generalized and vague descriptions of her religious beliefs cast serious doubt on whether she actually held those religious beliefs. A review of Liang's testimony on this score supports this finding. At the March 16, 2000 hearing on her claims for relief, Liang was unable to offer a cogent description of her religious beliefs. A reasonable fact-finder could thus conclude that the IJ's credibility findings were based upon "neither a misstatement of the facts in the record nor bald speculation or caprice." *Zhang v. United States INS*, 386 F.3d 66, 74 (2d Cir.2004). *Cf. Shi v. BIA*, 374 F.3d 64, 66 (2d Cir.2004) (holding that asylum applicant's "generalized" and "nonresponsive" statements, coupled with other implausible and inconsistent testimony, constituted substantial evidence that supported IJ's adverse credibility finding).[1]

■ The IJ's findings that Liang failed to establish past persecution on account of religion are also grounded in substantial evidence. Liang testified that government officials came to her mother's house, told her and her mother to stop practicing their religion, and damaged some items at the home. The IJ found that, standing alone, this encounter did not amount to persecution. While this Court has held that persecution includes "threats to life or freedom" and "non-life[-]threatening violence and physical abuse," we have also established that the conduct that allegedly constitutes persecution "must rise above mere harassment." *Chen v. United States INS*, 359 F.3d 121, 128 (2d Cir.2004) (internal quotation marks omitted). Apart from one incident of harassment, Liang has not shown that she suffered any threats or injuries on account of her religious beliefs. The IJ therefore correctly concluded that her claim of past persecution was meritless.

■ Similarly, substantial evidence also supports the IJ's conclusion that Liang failed to establish a well-founded fear of future persecution on account of religion, her alleged violation of China's family planning policy, or her illegal exit from China. A well-founded fear of persecution has a subjective and an objective component. *See Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 67 (2d Cir.2002). The subjective com-

1. Liang argues that the IJ did not understand that "TianDao" was another name for "Yiguandao" and, in turn, erroneously failed to credit reports from the United States Department of State that the Chinese government persecuted followers of Yiguandao. The IJ's discussion of Liang's religious beliefs did not evince such confusion, however, but focused on Liang's inability to articulate her religious beliefs with clarity. For this reason, Liang's argument that the IJ erroneously failed to credit her affidavit describing her religious beliefs also fails. Because Liang's affidavit does not offer many more details about her religious beliefs than provided by her own testimony, it cannot bolster her credibility on this score.

The IJ also held that Liang's false statements about the location of her husband undermined her credibility. Although she stated in her original application for asylum that her husband was in China, she testified before the IJ that her husband was actually in the United States. The IJ also held that the fact that Liang's mother, who was allegedly in hiding and unreachable by Liang, was nevertheless able to send Liang a letter in support of Liang's claims for relief also undermined Liang's credibility. We see no reason to disturb these determinations.

ponent "may be based on the applicant's reaction to events that impinge on [her] personally," *Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999) (internal quotation marks and citation omitted; alterations in *Melgar de Torres* ). The objective component must be satisfied by "proof or objective facts that lend support to the applicant's subjective fear." *Id.* (internal quotation marks omitted). First, Liang failed to offer evidence in support of her assertion that she had a well-founded fear of persecution on account of her religious beliefs. Liang's claim that her parents are in "hiding" because they fear religious persecution by governmental authorities is undermined by her inconsistent testimony on her mother's whereabouts and the fact that her mother, an alleged religious leader, apparently continues to live with relatives unharmed in China. Second, we also see no reason to disturb the IJ's findings that Liang failed to establish that she faced a well-founded fear of persecution under China's family planning policies on account of her bearing two children. The evidence offered by petitioner does not satisfy the "objective" component of the well-founded fear test: namely, that China's "one-child" policy is enforced against women who give birth outside of China. Third, Liang cannot receive a grant of asylum on account of a well-founded fear of persecution on account of her illegal exit from China because this ground is not a statutory basis for relief. Her reliance on *Chang v. INS,* 119 F.3d 1055 (3d Cir.1997) in support of this argument is misplaced. In *Chang,* the court granted the petitioner's request for asylum because the Chinese government's anticipated prosecution of him under "generally applicable" laws would in part be persecution on account of political opinion. *Id.* at 1062–65. Liang, in contrast, has not shown that any putative prosecution for her illegal exit from China

would have any motivation related to her political beliefs.

The IJ denied Liang's application in the alternative as a matter of discretion, a finding that "shall be conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). Liang has not established that the discretionary denial of her asylum claim fails to satisfy this rigorous standard of review. Because she cannot make a showing sufficient to justify a grant of asylum, Liang has necessarily failed to satisfy the heavier burden for withholding of removal. *See Zhang,* 386 F.3d at 71.

Finally, Liang cannot prevail on her claim for relief under the CAT. While a successful claim for asylum depends on the credibility of the applicant, a claim for relief under the CAT only requires the applicant to establish objective evidence that he or she is likely to be tortured in the future. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004). Once an applicant establishes that " 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal,' " *id.* at 184 (quoting 8 C.F.R. § 208.16(c)(2)), the government cannot remove the applicant to that country. Liang has not offered sufficient objective evidence to satisfy this standard.

For the foregoing reasons, the petition for review is DENIED.