**Elson PREVILON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–4573.

United States Court of Appeals, Second Circuit.

Feb. 17, 2005.

**30**

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

John B. Hughes, Assistant United States Attorney (Kevin J. O'connor, United States Attorney, on the brief; William J. Nardini, Assistant United States, Attorney), Connecticut, for Respondent, of counsel.

Present: McLAUGHLIN, SOTOMAYOR, Circuit Judges, and CEDARBAUM, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of an order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

* Hon. Miriam Goldman Cedarbaum, United States District Judge for the Southern District

Petitioner Elson previlon ("Previlon") petitions for review of a BIA decision summarily affirming the decision of an Immigration Judge ("IJ") denying Previlon's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the background of this case and its procedural context. Previlon challenges the IJ's finding that he had not suffered past persecution and did not have a well-founded fear of persecution based on the murder of his mother and brother in his native Haiti. Previlon further argues that the IJ erred in finding that he was not likely to be tortured if he returned to Haiti and that summary affirmance of this decision by the BIA was inappropriate because alleged errors made by the IJ merited panel review. These arguments are without merit.

Where the BIA summarily affirms the decision of the IJ as the "final agency determination," we review the IJ's decision directly. See Zhang v. United States Dep't of Justice, 362 F.3d 155, 158–59 (2d Cir.2004). This Court may reverse an IJ's determination that an applicant for asylum or withholding of removal has failed to satisfy the requisite burden of proof "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." Diallo v. INS, 232 F.3d 279, 287 (2d Cir. 2000); see also 8 U.S.C. § 1252(b)(4)(B). Under this rigorous standard, we are unable to say that the IJ erred in finding that Previlon's mother and brother were not murdered for political reasons and that Previlon failed to establish past persecution on one of the enumerated grounds. See 8 U.S.C. § 1101(a)(42). Moreover, the

of New York, sitting by designation.

IJ did not err in determining that Previlon could safely relocate within Haiti based on the fact that his father and sisters continue to live safely in a different part of the country, removed from the same threatened violence to the family that is the basis of Previlon's claim. The ability to avoid harm through internal relocation can both rebut the presumption of future persecution that arises upon a showing of past persecution, and defeat a showing that a fear of future persecution is objectively well-founded. 8 C.F.R. §§ 208.13(b)(1)(i)(B); 208.13(b)(2)(ii); *see also In re C–A–L–*, 1997 WL 80985, 21 I. & N. Dec. 754, 757–58 (BIA 1997). Thus even supposing *arguendo* that Previlon met his burden of showing past persecution on account of one of the statutorily protected grounds, the IJ did not err in denying the claims for asylum or withholding of removal. The same fact provides substantial evidence to support the IJ's finding that Previlon did not meet his burden of showing it is more likely than not that he will be tortured, within the meaning of the CAT, if he returns to Haiti. *See* 8 C.F.R. § 208.16(c)(3)(ii).

■ Summary affirmance of an IJ's decision by a single member of the BIA is authorized under 8 C.F.R. § 3.1(a)(7) (2002) (re-codified as 8 C.F.R. § 1003.1(e)(4)). It is appropriate if the IJ's decision "contains sufficient reasoning and evidence to enable the Court to determine that the requisite factors were considered." *Shi v. Board of Immigration Appeals*, 374 F.3d 64, 66 (2d Cir.2004) (internal quotation, alteration marks and citation omitted). In this case, the IJ's decision, which outlined his findings with regard to the various requests for relief and included consideration of the relevant documents submitted and testimony of the respective witnesses, satisfies this standard. We therefore find that the BIA did

not abuse its discretion in summarily affirming the IJ's decision. *See id.*

For the foregoing reasons, the petition for review is DENIED.