**Seyni GUEYE, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–4965–AG.**

United States Court of Appeals, Second Circuit.

March 31, 2005.

---

Theodore Vialet, New York, NY, for Petitioner.

Annemarie E. Roll, Office of Immigration Litigation, United States Department of Justice, Civil Division (Peter D. Keisler, Assistant Attorney General, Civil Division; Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), Washington, DC, for Respondent.

Present: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Seyni Gueye ("Gueye") petitions for review of a November 19, 2002 order of the BIA, summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). In reviewing an IJ's denial of an application for asylum or withholding of removal, we defer to the IJ's factual findings if they are supported by "substantial evidence." *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam) (citation and internal quotation marks omitted); *see also Shi v. BIA,* 374 F.3d 64, 66 (2d Cir.2004) (per curiam). Under this "substantial evidence" standard, "we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen,* 344 F.3d at 275 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). We reverse an IJ's determination that an applicant for asylum or withholding of removal has failed to satisfy the requisite burden of proof "only if no reasonable factfinder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo,* 232 F.3d at 287. Review of credibility determinations is "an exceedingly narrow inquiry" intended "to ensure that the IJ's conclusions were not reached arbitrarily or capriciously." *Zhang v. United States INS,* 386 F.3d 66, 74 (2d Cir.2004) (citation and internal quotation marks omitted).

The IJ determined that an identification card submitted by Gueye was a forgery on the basis of testimony from a forensic document examiner. Gueye attempted to ex-

plain that the document only appeared forged because he had re-attached his photo after it came off, but the examiner opined that an entirely different photo had been placed on the card. The IJ credited the examiner's testimony. Citing *Matter of O–D–*, 21 I. & N. Dec. 1079 (B.I.A.1998), the IJ held that the forgery indicated a lack of credibility with respect to Gueye's entire claim. The IJ further held that Gueye had failed to demonstrate a credible fear of future persecution because, *inter alia*, Gueye's own testimony indicated that a number of his acquaintances had returned to Mauritania safely, and because the State Department and United Nations had documented improved conditions in Mauritania for former refugees. Having reviewed the record, we hold that substantial evidence supports the IJ's conclusions.

We have considered Gueye's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.