**Bogdan FILIPOWITCH Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–4787–AG.**

United States Court of Appeals, Second Circuit.

May 6, 2005.

Jan H. Brown, New York, NY, for Petitioner.

David S. Rubenstein, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Lisa R. Zornberg, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

Present: NEWMAN, McLAUGHLIN and HALL, Circuit Judges.

SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the Board of Immigration Appeals ("BIA") be and it hereby is **AFFIRMED.**

Petitioner Bogdan Filipowitch ("Filipowitch") petitions for review of an April 8, 2003 order of the BIA affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. Where the BIA has affirmed without opinion, we review the IJ opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We assume the parties' familiarity with the facts and procedural history of the case.

We note initially that our review is governed by the transitional provisions of Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") because deportation proceedings against Filipowitch commenced prior to April 1, 1997 and a final deportation order was entered after October 30, 1996. In reviewing an IJ's denial of an application for asylum and withholding of deportation, we defer to the IJ's factual findings so long as they are supported by "substantial evidence." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam) (citation and internal quotation marks omitted). Under this standard, "we will not disturb a factual finding if it is supported by 'reasonable, substantial and probative' evidence in the record when considered as a whole." *Id.* (*quoting Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Challenges to an IJ's factual findings, moreover, merit reversal "only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo*, 232 F.3d at 287. Because the standard for withholding of deportation is similar to, but more stringent than, the standard for asylum, failure to show eligibility for asylum will necessarily preclude relief for withholding of deportation. *See Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 66 (2d Cir.2002).

The IJ determined that petitioner did not demonstrate past persecution and thus, his fear of future persecution—though genuine—was not objectively reasonable. The IJ's determination is supported by substantial evidence. Petitioner was never abused or physically harmed. Considering the types of threats and the fact that they were not fulfilled, the IJ was correct to conclude that the actions against petitioner were not sufficient to rise beyond mere harassment and constitute persecution. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (noting that persecution includes non-life threatening violence and physical abuse, but must rise above mere harassment); *see also Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir.2003) (explaining that while unfulfilled threats are properly considered in determining whether a petitioner has a reasonable fear of persecution, rarely will threats alone constitute persecution).

Petitioner's argument that he is entitled to relief under the Convention Against Torture ("CAT") is unexhausted and accordingly, we lack jurisdiction to address it. 8 U.S.C. § 1105a(c) (1994) (repealed 1996). *See also Cervantes–Ascencio v. I.N.S.*, 326 F.3d 83, 87 (2d Cir.2003). His claim regarding a "pattern and practice" of persecution is also unexhausted. Finally, to the extent that petitioner challenges the BIA's summary affirmance procedures, this argument is without merit. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004) (streamlined procedures do not violate due process). In this case, where the IJ has set forth specific reasons as to why petitioner has not met his burden and petitioner's brief to the

BIA did not raise substantial factual or legal questions, the BIA did not abuse its discretion in affirming the IJ without opinion. *See Shi v. Board of Immigration Appeals,* 374 F.3d 64, 66 (2d Cir.2004).

For the foregoing reasons, the petition for review is **DENIED.**