**Yi Shun JIANG, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

**Docket No. 03–4007.**

United States Court of Appeals,
Second Circuit.

Sept. 7, 2005.

Liu Yu, Law Offices of Yu & Associates, PLLC, New York, NY, for Petitioner.

James B. Clark III, Assistant United States Attorney for the District of New Jersey (Christopher J. Christie, United States Attorney), Newark, NJ, for Respondent, of counsel.

Present: MESKILL,SACK, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER·

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition be, and it hereby is, DENIED.

Petitioner Yi Shun Jiang, a citizen of China, petitions for review of a December 10, 2002, Board of Immigration Appeals ("BIA") decision affirming the decision of an Immigration Judge ("IJ") dated September 10, 1999, denying his application for asylum and withholding of removal.

In his petition, Jiang alleges that, after the birth of his second child in 1991, his wife was forced to have an IUD inserted. Jiang further asserts that he and his wife attempted to register a third child, who was in fact his brother's child, but that the Chinese government would not allow them to do so until Jiang's wife was sterilized.

We review the IJ's factual findings for substantial evidence. "Under this standard, a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as

a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). To reverse under this standard, we must conclude that "a reasonable fact-finder would be *compelled* to credit [the petitioner's] testimony." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam) (emphasis added). Thus, our review is "exceedingly narrow." *Id.* (internal quotation marks and citation omitted).

There is ample evidence to support the IJ's determination that Jiang was not credible. First, a review of the transcript shows that Jiang was, as the district court found, "evasive and non-responsive" when asked about his wife's IUD. Second, Jiang's claim that his wife was forcibly sterilized—an issue that goes to the heart of his claim—had numerous defects. Jiang was able to provide virtually no information about his wife's sterilization, even though he claimed to be in frequent contact with her after it occurred. There were also inconsistencies in his testimony concerning the circumstances surrounding the sterilization and the date when he first saw the sterilization certificate. Finally, Jiang's attempts to explain the misstatements he acknowledges making in an interview before an asylum officer further "reflect[ ] adversely on his credibility." *Shi v. BIA*, 374 F.3d 64, 66 (2d Cir.2004) (per curiam).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.