XIAOLEI HU, Xiao Dan Hu, Xiaofang Hu, Chun Lan Ye, Shiao Hwe Hu, a/k/a Rajit Sothornrungrangsee, Petitioners,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 04–6286–ag to 04–6288–ag, 05–2083–ag.

United States Court of Appeals, Second Circuit.

May 10, 2006.

Theodore N. Cox, Maunica Sthanki, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond E. Chang, Ann L. Wallace, Craig A. Oswald, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the

City of New York, on the 10th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Chun Lan Ye and her four children, through counsel, petition for review of the November 2004 BIA decision affirming Immigration Judge ("IJ") Patricia Rohan's decision denying Ye's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the April 2005 BIA decision denying Ye's motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although Ye filed timely petitions for review of both the BIA's affirmance of the IJ's decision and its denial of her motion to reopen, which were later consolidated, she challenges only the latter BIA decision in her brief. The BIA's affirmance and its denial of the motion are separate decisions, which raise distinct legal issues, *see Khouzam v. Ashcroft,* 361 F.3d 161, 164 (2d Cir.2004), but because Ye has implicitly challenged the validity of the underlying denial of asylum, the factual issues in the two petitions overlap, and the government concedes that this argument is not waived, we will review both decisions. However, as Ye did not address the CAT claim to any degree in her brief, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

### A. The BIA's November 2004 Decision

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 156–58 (2d Cir.2006); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Here, substantial evidence supports the IJ's adverse credibility finding. Although Ye had numerous opportunities to present her claim before the IJ, and the IJ excused numerous inconsistencies at her first hearing because of alleged interpreter error, unexplained contradictions and logical inconsistencies persisted at her subsequent hearings. It remained unclear when the authorities discovered her husband's sterilization operation had failed, whether and when they tried to sterilize her, how and when they obtained the allegedly fraudulent certificate of her husband's sterilization, and why they needed it. Given the numerous contradictions and confusing details, a reasonable fact-finder would not be compelled to credit Ye's testimony. *See Zhou Yun Zhang,* 386 F.3d at 73; *Xusheng Shi v. BIA,* 374 F.3d 64, 66 (2d Cir.2004).

### B. The BIA's April 2005 Decision

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be. found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

■ Here, the BIA did not abuse its discretion in denying Ye's motion to reopen because it reasonably determined that her "new" evidence was not material and could have been obtained previously. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The explanations for Ye's testimonial inconsistencies, which she provided in an affidavit, could have been presented at her hearing. The medical report, indicating that her husband had, in fact, been sterilized, could have been presented earlier, inasmuch as he claimed that the operation took place in 1984, and he had been in the United States since 1992. Moreover, Ye made no attempt to reconcile this report with her testimony and affidavit, in which she insisted that the operation had not been completed. Finally, she failed to point to any information in the Aird affidavit that was new or particularly relevant to her case. Because this document offers generalized information and is presented in numerous cases, and the BIA indicated that it gave consideration to the motion as a whole, it did not abuse its discretion in finding that Ye failed to present "new" and "material" evidence. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274–75 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).