**YAN JIANG, Petitioner,**

v.

**Alberto GONZALES \*, Attorney General of the United States, United States Department of Justice, Respondent.**

No. 05–0022–ag.

United States Court of Appeals, Second Circuit.

June 30, 2006.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Frank L. Liu, New York, N.Y. (on submission) for Petitioner.

Tammy Owens Combs, Assistant United States Attorney for James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee, Chattanooga, Tenn. (on submission) for Respondent.

PRESENT: ROGER J. MINER, GUIDO CALABRESI, Circuit Judges, and RICHARD J. HOLWELL, District Judge.**

### SUMMARY ORDER

Petitioner Yan Jiang seeks review of a decision by the Board of Immigration Appeals ("BIA"), summarily affirming an immigration judge's ("IJ") denial of Jiang's petition for withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85 (1988) ("CAT"). *See also* 8 C.F.R. § 1208.16(c) (implementing the CAT). We assume the parties' familiarity with the underlying facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly, *see Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005), and we review the IJ's decision denying an alien's CAT claim for substantial evidence, *see Shi v. BIA*, 374 F.3d 64, 65 (2d Cir.2004); *Melendez v. U.S. Dep't of Justice*, 926 F.2d 211, 218 (2d Cir.1991). To obtain relief under the Convention Against Torture, the applicant bears the burden of proving "that it is more likely than not that he or she would

be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

In the instant case, the IJ concluded that petitioner had not provided sufficient credible evidence to support his claim that, more likely than not, he would be tortured if returned to China. In so doing, the IJ rejected both of the grounds on which petitioner feared torture, *i.e.*, for leaving China illegally and because of his family's outstanding financial obligations. To support her conclusion, the IJ emphasized that Jiang had testified that he entered the United States with a seemingly valid passport bearing his own name, picture, and date of birth. The IJ also discounted a letter from petitioner's friend—who had purportedly been fined, detained, and physically abused for leaving China illegally—because petitioner could not establish that the letter was sent from China, and because, in any event, the letter did not mention detention or physical abuse. The IJ also found unconvincing petitioner's contention that he would face persecution because of his family's debts, noting that petitioner had provided no evidence that there was pressure to repay the debts, let alone a threat of torture.

On appeal, petitioner asserts that the IJ "ignored the overall picture of what the petitioner would experience in China" and instead focused on "minor and unimportant discrepancies in the written submissions and the oral testimony." We disagree. Having reviewed the record in full, we conclude that all of the IJ's findings were supported by substantial evidence.

We have considered all of petitioner's arguments and find them to be without merit. For the foregoing reasons, the pe-

---

** The Honorable Richard J. Holwell, of the United States District Court for the Southern District of New York, sitting by designation.

tition for review is DENIED. Any pending motion of a stay of removal in this petition is DENIED as moot.