**YING WENG, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, United States Department of Justice, Respondent.**

**No. 05–3074–ag.**

United States Court of Appeals, Second Circuit.

June 30, 2006.

---

Stuart Altman, New York, N.Y., for Petitioner.

Alfred B. Jernigan, Jr., Assistant United States Attorney for the Southern District of Mississippi, Dunn Lampton, United States Attorney for the Southern District of Mississippi, Jackson, Mississippi, for Respondent.

PRESENT: ROGER J. MINER, GUIDO CALABRESI, Circuit Judges, and RICHARD J. HOLWELL, District Judge.*

### SUMMARY ORDER

A native and citizen of China, Petitioner Ying Weng seeks review of a decision by the Board of Immigration Appeals' ("BIA"), summarily affirming an immigration judge's ("IJ") denial of Jiang's petition for withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984,

---

* The Honorable Richard J. Holwell, of the United States District Court for the Southern

S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85 ("CAT"). *See also* 8 C.F.R. § 1208.16(c) (implementing the CAT). We assume the parties' familiarity with the underlying facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly, *see Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005), and we review the IJ's decision denying an alien's CAT claim for substantial evidence, *see Shi v. BIA,* 374 F.3d 64, 65 (2d Cir.2004); *Melendez v. U.S. Dep't of Justice,* 926 F.2d 211, 218 (2d Cir.1991). To obtain relief under the Convention Against Torture, the applicant bears the burden of proving "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

In this case, the IJ rejected petitioner's application for CAT relief on credibility grounds. First, the IJ emphasized that, before submitting his current application claiming a well-founded fear of future persecution because of his inability to repay his family's outstanding debts, petitioner originally filed a fraudulent application for asylum and withholding of removal under the Immigration and Naturalization Act. That petition was based on the false assertion that Weng had suffered past persecution because of his political opposition to China's family planning policies. He made this claim during an airport interview, and subsequently filed detailed, written applications maintaining, and indeed elaborating upon, this untrue ground for asylum relief. Later, however, Weng admitted

District of New York, sitting by designation.

that he falsely claimed past persecution because the individual who had helped smuggle him into the United States instructed him to invent such a story to avoid deportation. Weng does not dispute this on appeal, claiming only that his decision to withdraw his false application should be applauded. While some immigration judges may look favorably upon such a decision, we do not conclude that it is error for an IJ to take such a false claim into account.

Three other problems with Weng's application supported the IJ's adverse credibility determination. The IJ observed that Weng gave shifting testimony as to whether, to what extent, and to whom, his debts had been paid. The IJ also noted that Weng had no explanation for why both he and his mother neglected to mention in their written submissions an episode during which government officials allegedly came to the home of Weng's family and told his mother that Weng would ultimately be held accountable for their family's financial obligations. Finally, the IJ expressed doubt about the authenticity of a purportedly official financial statement that Weng submitted to document his family's unpaid debts. The IJ commented that Weng had failed to explain why an organization that Weng feared would torture him would provide for him an official statement of his family's outstanding loans. On the basis of the record before us, we conclude that also these findings were supported by substantial evidence.

We have considered all of petitioner's arguments and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Any pending motion of a stay of removal in this petition is DENIED as moot.