**JIN DUAN GAO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05-6780-ag.

United States Court of Appeals, Second Circuit.

Dec. 4, 2006.

---

Tao Lin, Caesar & Napoli, Attonreys at law, New York, NY, for Petitioner.

George E.B. Holding, United States Attorney for the Eastern District of North Carolina, Anne M. Hayes, Steve R. Matheny, Assistant United States Attorneys, Raleigh, NC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Duan Gao, a citizen of the People's Republic of China, seeks review of a November 28, 2005 order of the BIA affirming the March 31, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Jin Gao a.k.a. Jin Duan Gao,* No. A73 150 189 (B.I.A. Nov. 28, 2005), *aff'g* No. A73 150 189 (Immig. Ct. N.Y. City Mar. 31, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). It reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

Substantial evidence supports the IJ's finding that Gao testified inconsistently when he stated that in 1991 he had hung up a poster criticizing the government, but after he was confronted with a discrepancy, stated that he must have hung up a poster in both 1991 and 1994. As the IJ further noted, "when [Gao] was told that he couldn't have been doing those activities during that time because he was living in San Guan, [he] then decided to distance himself from his testimony." In addition, substantial evidence supports the IJ's finding that Gao testified inconsistently about whether he formally applied for permission to have a child where he stated alternatively that he (1) applied for a birth permit, (2) could not remember whether he applied for a permit and (3) did not have to apply for a permit because as a married man he was automatically entitled to have one child.

The IJ also reasonably found that Gao's "testimony was extremely vague as it related to where he was allegedly in hiding." When Gao was asked where he had gone into hiding after his wife's third pregnancy, he stated that "we hide here and we hide there." When prompted to specify exactly where he had hidden, he stated that "I run to, I decided to come to the United States." Gao was then asked where his wife had hidden at the time, and he replied that "[w]ell, sometime we live at home. Sometime we live within the town. Here and there." Because of this substantial probing, the record adequately supports a finding of vagueness.

Substantial evidence further supports the IJ's finding that Gao was unable to explain why he would return to his hometown "where he had already allegedly suffered years of persecution," if he "was living peacefully in San Guan and running a fashion store." The record indicates that Gao provided no rational reason for why he did not remain in San Guan, stating only that the move was "temporary."

In his brief to this Court, Gao argues that the IJ should not have found his non-contemporaneous documents to be unreliable without first explaining why contemporaneous documents were reasonably available to him. However, Gao was not otherwise credible, and the IJ did not err in declining to explain why contemporaneous, authenticated and certified documents were available to him. *See Xiao Ji Chen v. U.S. Dept. of Justice,* 434 F.3d 144, 164 (2d Cir.2006). Moreover, as the IJ pointed out, Gao had ample opportunity to seek to authenticate his documents throughout his lengthy proceedings.

Given the strength of the abovementioned findings, we do not reach the remainder of the IJ's credibility analysis, confidently predicting the same result on remand absent any errors. *See Li Hua*

*Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 107–08 (2d Cir.2006). Gao's application for asylum and withholding of removal were therefore properly denied. We note that Gao did not challenge the agency's denial of his CAT claim in his brief to this Court and therefore find that claim waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Finally, we reject Gao's argument that the BIA inadequately considered his case because it adopted and affirmed the IJ's decision. We have established that this procedure, on its face, neither violates the Constitution's Due Process Clause, *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 160 (2d Cir.2004), nor constitutes an abuse of discretion, *Xusheng Shi v. BIA,* 374 F.3d 64, 66 (2d Cir.2004). Moreover, we lack jurisdiction to review a BIA member's decision to resolve an appeal unilaterally by a brief order. *See Guyadin v. Gonzales,* 449 F.3d 465, 470 (2d Cir. 2006).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).