*Wang v. Sessions*

BIA
Loprest, IJ
A205 433 910

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of July, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

XU WANG,
> *Petitioner,*

v.                                                    17-545
                                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New
                         York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Holly M. Smith,
                         Senior Litigation Counsel; Jesse
                         Lloyd Busen, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xu Wang, a native and citizen of the People's Republic of China, seeks review of a January 26, 2017 decision of the BIA affirming a December 15, 2015 decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xu Wang,* No. A 205 433 910 (B.I.A. Jan. 26, 2017), *aff'g* No. A 205 433 910 (Immig. Ct. N.Y. City Dec. 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d

2

162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant[,] . . . the consistency between the applicant's or witness's written and oral statements[,] . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements," or "any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the agency's determination that Wang was not credible.

The agency reasonably relied on inconsistencies within Wang's testimony and discrepancies between his testimony and documentary evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). Wang testified that, during his detention, he sustained injuries to his left hand, left ring finger, and left bicep; he denied any injuries to his left elbow. On further questioning,

3

however, he changed his answer to match the medical report, which reflected injuries to his left elbow and left middle finger. His responses also conflicted with his asylum application, which suggested that he had sustained injuries to more than one finger. When asked to show which finger was injured, he hesitated before raising his right hand, not his left, and isolating his right ring finger. These inconsistencies alone provide substantial support for the adverse credibility determination and completely undermine Wang's credibility about his alleged persecution. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency relating to central aspect of asylum claim provided substantial evidence for adverse credibility determination). The IJ was not required to accept Wang's explanation that his left arm was hurt more than his right arm, because it did not explain why he identified his right hand as the one injured or resolve his differing descriptions of his injuries. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate

4

that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted) (emphasis in original)).

Moreover, the agency's demeanor finding—to which we defer—bolsters the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The record supports the IJ's conclusion that Wang's demeanor shifted on cross-examination, in that he gave unresponsive replies to questions about how he knew to report to the police after his release from his detention and about how many times the police visited his home in China after his release. *See Xusheng Shi v. BIA*, 374 F.3d 64, 66 (2d Cir. 2004) (upholding IJ's finding that generalized or non-responsive answers reflected memorized script); *Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (finding applicant was unresponsive in manner suggesting evasiveness, rather than nervousness or difficulty comprehending proceedings).

Finally, the agency reasonably found that Wang failed to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her

testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ found, Wang failed to corroborate his practice of Christianity in the United States by submitting a letter from the U.S. church where he was baptized. The IJ was not required to accept Wang's explanation that he lost the letter because it does not resolve why he did not ask for another copy or a new letter. *See Majidi*, 430 F.3d at 80. Moreover, although Wang submitted letters from his mother and a fellow churchgoer to corroborate his practice of Christianity and past persecution in China, the letters were unsworn statements prepared for the purpose of litigation by parties, at least one of whom—his mother—was an interested witness, not subject to cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give limited weight to letter from applicant's spouse in China). And the IJ was not compelled to credit the letters because they could not resolve the credibility issues in Wang's own testimony, particularly

6

regarding his injuries. *Biao Yang*, 496 F.3d at 273.

Given the inconsistent testimony, demeanor issues, and the absence of corroborating evidence independent of Wang's own credibility, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims rely on Wang's credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7