Chen v. Whitaker

BIA
Zagzoug, IJ
A205 027 384

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand nineteen.

PRESENT:
    GERARD E. LYNCH,
    DENNY CHIN,
    SUSAN L. CARNEY,
        *Circuit Judges.*
_____

MEIZHEN CHEN,
        *Petitioner,*

    v.                                        17-920
                                              NAC
MATTHEW G. WHITAKER,
ACTING UNITED STATES ATTORNEY
GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Zhong Yue Zhang, Esq., Zhang &
                       Associates, LLC, Flushing, NY.

FOR RESPONDENT:        Jonathan K. Ross, Trial Attorney,
                       Office of Immigration Litigation;
                       Margaret Kuehne Taylor, Senior
                       Litigation Counsel, Office of
                       Immigration Litigation; Chad A.

Readler, Principal Deputy Assistant Attorney General; United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Meizhen Chen, a native and citizen of the People's Republic of China, seeks review of a March 23, 2017 decision of the BIA affirming a December 14, 2015 decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  Her application was based on her membership in and activities related to the China Democracy Party ("CDP") while in the United States.  *In re Meizhen Chen,* No. A 205 027 384 (B.I.A. Mar. 23, 2017), *aff'g* No. A 205 027 384 (Immig. Ct. N.Y. City Dec. 14, 2015).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the BIA and the IJ "for the sake of completeness."  *Wangchuck v. Dep't of*

2

*Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

"Considering the totality of the circumstances, . . . a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 76-77 (2d Cir. 2018); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Here, we conclude that substantial evidence supports the agency's determination that Chen was not credible.

The record supports the agency's characterization of Chen's testimony as often vague and lacking in sufficient detail to be credible. An "IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

First, the record shows that, as the IJ observed, Chen repeated generic phrases like "the concept of the CDP" and "the autocracy" without elaborating on their meaning, suggesting that her testimony was memorized. Second, the record supports the IJ's determination that Chen's undetailed testimony regarding how she came to join the CDP was not credible. Although Chen testified that she joined the organization based on a leaflet she was handed in Flushing, Queens, she was initially unable to describe the contents of the leaflet or state the general mission of the organization. She offered an account only late in the hearing, when she gave what the IJ characterized as a memorized answer. And,

4

while she averred that she was traveling to a cousin's business when she was handed the leaflet, she could provide neither the name of the cousin nor the business, and she did not know the business's address. A.R. 81-82. The IJ was not required to accept Chen's explanation for not knowing her cousin's name (that she always calls her cousin "Sister" and "because there's a huge age gap" between them). *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and emphasis omitted)). The IJ reasonably concluded in light of these failings and with the support of its observations that Chen's testimony seemed "mechanical and memorized." A.R. 70; *see Xusheng Shi v. BIA*, 374 F.3d 64, 66 (2d Cir. 2004) (upholding IJ's finding that generalized or non-responsive answers reflected memorized script).

The agency also reasonably found that Chen failed to rehabilitate her credibility with reliable corroborating evidence. The only additional evidence offered to support

5

Chen's claims of her prodemocracy activities in the United States were letters from her mother and the testimony of a witness. The IJ did not err in according the letters diminished weight, because Chen's mother was an interested witness not subject to cross-examination, and her letters recounting police visits to her home were not subject to verification apart from Chen's own testimony. *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (affirming agency's determination that letter from relative in China was entitled to limited weight because it was unsworn and submitted by an interested witness); *see Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight to be accorded evidence is "largely within the discretion of the IJ" (internal quotation marks omitted)). The IJ did not err, further, in determining that the witness's testimony was of only limited value because the witness could not recall specific information about Chen's alleged involvement with the CDP.

These problems with Chen's testimony and the evidence offered as corroboration, call into question the extent of and motivation for her alleged activism. Substantial

6

evidence therefore supports the IJ's adverse credibility determination as to Chen. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66.

Moreover, as the agency found, even crediting Chen's description of her activism in the United States, her asylum claim fails because she did not meet her burden of showing an objectively reasonable fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (requiring the fear be subjectively credible and "objectively reasonable"). Because Chen's CDP activities occurred in the United States, she had to show that Chinese authorities were either already aware, or likely to become aware, of those activities. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138, 143 (2d Cir. 2008). Chen did not meet that burden.

As noted above, the agency was not required to credit the letters from Chen's mother. *Y.C.*, 741 F.3d at 334. That Chen posted articles on the CDP's website and that her photograph was on the site is not enough to demonstrate the requisite awareness. *Id*. at 333-34, 336-37. While the State Department reports included in the administrative record reflected persecution of democracy activists who were active

in China, they contained no examples of the Chinese government's persecution of individuals who had been activists only in the United States before returning to China. Because Chen failed to demonstrate that objectively reasonable fear of future persecution that is needed to be eligible for asylum, she also failed to meet the higher burdens of proof applicable to withholding of removal and CAT relief. *Id.* at 335.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court