10-2173-ag
Wang v. Holder

BIA
A073 583 567

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand eleven.

PRESENT:
    ROSEMARY S. POOLER,
    ROBERT D. SACK,
    RICHARD C. WESLEY,
        *Circuit Judges.*
_____

XUE TIAN WANG,
        *Petitioner,*

        v.                                    10-2173-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Lewis Hu, New York, New York.

FOR RESPONDENTS:       Tony West, Assistant Attorney
                       General; James A. Hunolt, Senior
                       Litigation Counsel; Nehal H. Kamani,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Tian Wang, a native and citizen of China, seeks review of the BIA's May 6, 2010 order denying his motion to reopen his removal proceedings. *In re Xue Tian Wang*, No. A073 583 567 (B.I.A. May 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our review is limited to the BIA's decision not to reopen Wang's removal proceedings, as Wang did not file a timely petition for review of the underlying order denying his eligibility for relief.[1] *See Alam v. Gonzales*, 438 F.3d 184, 186 (2d Cir. 2006). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v.*

---

[1] While Wang argues he did not know of his right to appeal the BIA's initial decision, failure to inform an alien of the right to seek appellate review does not, in and of itself, violate due process. *United States v. Lopez*, 445 F.3d 90, 96 (2d Cir. 2006). Additionally, the BIA's decision to affirm without an opinion neither violates due process, *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 160 (2d Cir. 2004), nor constitutes an abuse of discretion, *Xusheng Shi v. BIA*, 374, F.3d 64, 66 (2d Cir.2004).

*Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

The BIA did not abuse its discretion in denying Wang's motion to reopen as untimely, as he filed it more than seven years after the BIA upheld the immigration judge's underlying merits decision, and number-barred, as it was his second motion to reopen. 8 C.F.R. § 1003.2(c)(2). Although the time and number limitations do not apply to a motion to reopen seeking to apply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii), as the BIA found, Wang's political activities in the United States constituted a change in personal circumstances, not a change in country conditions, *see Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). In addition, substantial evidence supports the BIA's finding that Wang did not demonstrate a change in country conditions in China, as Wang presented only evidence of longstanding persecution of political dissidents by the Chinese government without any explanation or evidence indicating a change in the treatment of dissidents. *See*

3

*Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). The BIA was not required to address each individual piece of evidence and Wang has pointed to no evidence which contradicts the BIA's conclusions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4