*Xiu v. Sessions*

BIA
Loprest, IJ
A206 141 848

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of May, two thousand eighteen.

PRESENT:
>    ROBERT A. KATZMANN,
>        *Chief Judge,*
>    RICHARD C. WESLEY,
>    DENNY CHIN,
>        *Circuit Judges.*

_____

ZHU XIU,
>        *Petitioner,*

>    v.                                         16-4124
>                                               NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**          Gary J. Yerman, Yerman & Jia, LLC, New York, NY.

**FOR RESPONDENT:**          Jacob A. Bashyrov, Trial Attorney, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Office

of Immigration Litigation, *for* Chad A. Readler, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhu Xiu, a native and citizen of the People's Republic of China, seeks review of a November 17, 2016, decision of the BIA affirming an October 6, 2015, decision of an Immigration Judge ("IJ") denying Xiu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhu Xiu,* No. A 206 141 848 (B.I.A. Nov. 17, 2016), *aff'g* No. A 206 141 848 (Immig. Ct. N.Y.C. Oct. 6, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA and address only the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522

2

(2d Cir. 2005). The applicable substantial evidence standard of review is well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's determination that Xiu was not credible.

The agency reasonably relied on discrepancies between Xiu's testimony and her documentary evidence. First, the IJ reasonably concluded that Xiu's misrepresentation of a prior attempt to leave China undermined her credibility as a whole. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Second, the IJ also reasonably relied on a discrepancy between Xiu's testimony and a letter from her father. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 (upholding reliance on omissions and inconsistencies stemming from letters). Moreover, the agency's demeanor finding—to which we defer—bolsters the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The record supports the IJ's conclusion that Xiu's demeanor shifted on cross-examination. *See Xusheng Shi v. BIA*, 374 F.3d 64, 66 (2d

3

Cir. 2004) (per curiam) (upholding IJ's finding that generalized or non-responsive answers reflected memorized script). Finally, the agency reasonably found that Xiu failed to rehabilitate her testimony with reliable corroborating evidence. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

Given these findings, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-67. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims rely on Xiu's credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.[1] As we have completed our review, any stay of removal

_____

[1] We observe that the decision of the IJ, although substantively appropriate, incorrectly refers to petitioner Xiu as "Lin" or "Liu" several times, marking each error with "[sic]." Out of respect for those seeking relief under our immigration laws, who potentially face a "severe penalty," *Sessions v. Dimaya*, 138 S. Ct. 1204, 1213 (2018) (internal quotation mark omitted), we think that the better practice would be to make corrections. A decision should be in the petitioner's name. Leaving errors uncorrected might give the impression, however unwarranted, that

4

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe,
                                  Clerk of Court
```

---

less care was taken in reaching the decision than should have been.